UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

ERIC MARRERO,

                               Plaintiff,

        -against-

CITY OF NEW YORK, STEVEN SPOSITO, Individually,
MICHAEL LOPRESTI, Individually, DAVID LIPPERT,
Individually, MATHEW REICH, Individually, MATTHEW
FRIED, Individually, and JOHN AND JANE DOE 1 through
10, Individually (the names John and Jane Doe being fictitious
as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 4385
(CBA) (JO)

<u>Jury Trial Demanded</u>

      Plaintiff ERIC MARRERO, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

      1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

<u>**JURISDICTION**</u>

      2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ERIC MARRERO is a twenty-two year old Hispanic American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, STEVEN SPOSITO, MICHAEL LOPRESTI, DAVID LIPPERT, MATHEW REICH, MATTHEW FRIED, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On June 7, 2011, at approximately 7:00 p.m., plaintiff ERIC MARRERO was the front seat passenger in a motor vehicle operated by Jonathan Agoglia, when defendant officers, STEVEN SPOSITO, MICHAEL LOPRESTI, and DAVID LIPPERT, stopped Mr. Agoglia's vehicle in the vicinity of Woodland Avenue and Giffords Lane, Staten Island, New York.

13.     Everyone was ordered out of the vehicle and searched.

14.     Although plaintiff neither actually nor constructively possessed any contraband, plaintiff was handcuffed and imprisoned without probable cause.

15.     The defendant officers transported plaintiff to the 120th Police Precinct Stationhouse.

16.     Once inside the stationhouse, plaintiff's property was taken by an officer, including his belt.

17.     As plaintiff was being escorted while rear handcuffed by, upon information and belief, defendants MATHEW REICH and MATTHEW FRIED, his pants fell to his ankles.

18.     Plaintiff requested that the defendant escorting officers pull his pants up.

19.     The officers refused.

20.     As plaintiff was walking down the stairs, his pants caused him to trip.

21.     One of the defendant escorting officers stated in sum and substance: you're trying to throw me down the stairs, now I've got another charge for you.

3

22.    Plaintiff protested, stating in sum and substance: I told you to pull my pants up. You can't add another charge.

23.    The defendant officer responded by stating in sum and substance: oh, you think you're a smart ass, I got something special for you.

24.    The defendant officer then imprisoned plaintiff in a cell infested with biting bugs, which, upon information and belief, are commonly known as bed bugs.

25.    After approximately thirty minutes in the infested cell, plaintiff received multiple bug bites and requested that an officer move him to another cell.

26.    The defendant officer informed plaintiff that another officer instructed him to keep plaintiff in the cell all night.

27.    Throughout the night plaintiff continued to complain to the defendant officers that he was being bitten by bugs and requested that he be transported a hospital.

28.    The officers ignored his requests.

29.    As a result of the defendant officers' actions, plaintiff was repeatedly and severely bitten by bugs while imprisoned in said cell.

30.    The defendant officers imprisoned plaintiff in the bug infested cell until June 8, 2011 when plaintiff was transported to Richmond County Criminal Court and arraigned on baseless charges filed under docket number 2011RI005379, said charges having been filed based on the false allegations of defendant STEVEN SPOSITO.

31.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

4

32.    The malicious prosecution compelled plaintiff to return to court until April 25, 2012, when all the purported charges filed against plaintiff by the defendants were dismissed and sealed in Richmond County Criminal Court.

33.    Defendant LIPPERT, who holds the rank of sergeant, supervised defendants SSPOSITO, REICH, FRIED, and JOHN and JANE DOE 2 through 10 and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

34.    The defendants SPOSITO, REICH, FRIED, and JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

35.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

36.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the ramifications of falsification, the requirements for arrests, and the treatment of prisoners; and were aware of the bug infestation in the 120th Precinct Stationhouse holding cells.

37.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

38.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

39.    As a result of the foregoing, plaintiff ERIC MARRERO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

42.    All of the aforementioned acts deprived plaintiff ERIC MARRERO, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

43.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

44.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police

6

Department, all under the supervision of ranking officers of said department.

45.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    Defendants arrested plaintiff ERIC MARRERO without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

49.    Defendants caused plaintiff ERIC MARRERO to be falsely arrested and unlawfully imprisoned.

50.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

51.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.    Defendants issued criminal process against plaintiff ERIC MARRERO by causing his arrest and prosecution in Richmond County Criminal Court.

53.    Defendants caused plaintiff ERIC MARRERO to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

54.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

55.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff ERIC MARRERO.

57.    Defendants caused plaintiff ERIC MARRERO to be prosecuted without any probable cause until the charges were dismissed on or about April 25, 2012.

58.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deliberate Indifference to Safety under 42 U.S.C. § 1983)

59.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's safety by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

61.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

62.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    The acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

64.    As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of his First Amendment rights.

65.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

66.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.    The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

68.    As a result of the foregoing, plaintiff ERIC MARRERO was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

69.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

70.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    The defendants falsely arrested, unlawfully imprisoned, and maliciously prosecuted plaintiff ERIC MARRERO because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

72.    As a result of the foregoing, plaintiff ERIC MARRERO was deprived of his rights

10

under the Equal Protection Clause of the United States Constitution.

73.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

74.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.    Defendants had an affirmative duty to intervene on behalf of plaintiff ERIC MARRERO, whose constitutional rights were being violated in their presence by other officers.

76.    The defendants failed to intervene to prevent the unlawful conduct described herein.

77.    As a result of the foregoing, plaintiff ERIC MARRERO'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to handcuffing and other physical restraints, and he was subjected to unsafe conditions causing emotional distress and physical injuries.

78.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

79.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

81.     As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

84.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, and subjecting individuals to unsafe conditions by imprisoning them in holding cells infested with biting bugs.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff ERIC MARRERO'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit,

12

screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

85.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ERIC MARRERO.

86.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ERIC MARRERO as alleged herein.

87.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ERIC MARRERO as alleged herein.

88.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ERIC MARRERO was unlawfully arrested, illegally searched, subjected to bug infested and unsanitary conditions, and maliciously prosecuted.

89.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ERIC MARRERO'S constitutional rights.

90.    All of the foregoing acts by defendants deprived plaintiff ERIC MARRERO of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

13

    C.      To be free from deliberate indifference to health and safety;

    D.      To be free from the failure to intervene;

    E.      To be free from malicious prosecution;

    F.      To be free from malicious abuse of process;

    G.      To receive equal protection under law.

91.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

94.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

95.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

96.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(<u>False Arrest under the laws of the State of New York</u>)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Defendants arrested plaintiff ERIC MARRERO without probable cause.

99.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

100.     As a result of the aforementioned conduct, plaintiff ERIC MARRERO was unlawfully imprisoned in violation of the laws of the State of New York.

101.     As a result of the aforementioned conduct, plaintiff ERIC MARRERO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

102.     As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(<u>Assault under the laws of the State of New York</u>)

103.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.     As a result of the foregoing, plaintiff ERIC MARRERO was placed in apprehension of imminent harmful and offensive bodily contact.

105.    As a result of defendant's conduct, plaintiff ERIC MARRERO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

106.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

107.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Defendants made offensive contact with plaintiff ERIC MARRERO without privilege or consent.

109.    As a result of defendants' conduct, plaintiff ERIC MARRERO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

110.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

111.    Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff ERIC MARRERO.

113.    Defendants caused plaintiff ERIC MARRERO to be prosecuted without probable cause until the charges were dismissed on or about April 25, 2012.

114.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTEENTH CAUSE OF ACTION**
(Malicious Abuse of Process under laws of the State of New York)

115.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "114" with the same force and effect as if fully set forth herein.

116.    Defendants issued criminal process against plaintiff ERIC MARRERO by causing him to be arrested, arraigned and prosecuted in criminal court.

117.    Defendants caused plaintiff ERIC MARRERO to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

118.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

119.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

121.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

122.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

123.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff ERIC MARRERO.

124.    As a result of the aforementioned conduct, plaintiff ERIC MARRERO suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

125.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

126.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, imprisonment, and prosecution of plaintiff ERIC MARRERO.

128.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

129.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

130.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "129" with the same force and effect as if fully set forth herein.

131.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, imprisonment, and prosecution of plaintiff ERIC MARRERO.

132.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>)

133.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "132" with the same force and effect as if fully set forth herein.

134.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

135.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
(<u>*Respondeat Superior* liability under the laws of the State of New York</u>)

136.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "135" with the same force and effect as if fully set forth herein.

137.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

138.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §11)

139.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "138" with the same force and effect as if fully set forth herein.

140.    As a result of defendants' conduct, plaintiff ERIC MARRERO was deprived of his right to equal protection of laws.

141.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

142.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "141" with the same force and effect as if fully set forth herein.

143.    As a result of defendants' conduct, plaintiff ERIC MARRERO was deprived of his right to security against unreasonable searches, seizures, and interceptions.

144.    As a result of the foregoing, plaintiff ERIC MARRERO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ERIC MARRERO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
        February 5, 2013

                        LEVENTHAL & KLEIN, LLP
                        Attorneys for Plaintiff ERIC MARRERO
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By:     _____/s/_____
                                BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ERIC MARRERO,

                                 Plaintiff,

                                                             12 CV 4385

            -against-                                   (CBA) (JO)

CITY OF NEW YORK, STEVEN SPOSITO, Individually,
MICHAEL LOPRESTI, Individually, DAVID LIPPERT,
Individually, MATHEW REICH, Individually, MATTHEW
FRIED, Individually, and JOHN AND JANE DOE 1 through
10, Individually (the names John and Jane Doe being fictitious
as the true names are presently unknown),

                                 Defendants.

-------------------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100